IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

V.

CASE NO. ELH-09-00611

RYAN HOLNESS
Petitioner.

<u>PETITIONER'S OBJECTION TO GOVERNMENT'S RESPONSE TO HIS PRO-SE MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A)(i) AND THE FIRST STEP ACT OF 2018.</u>

COMES NOW PETITIONER, RYAN HOLNESS (hereinafter, "HOLNESS"), APPEARING PRO SE, AND IN SUPPORT OF THIS MOTION WOULD SHOW AS FOLLOWS:

<u>PRELIMINARY STATEMENT</u>

AS A PRELIMINARY MATTER, HOLNESS RESPECTFULLY REQUESTS THAT THIS COURT BE MINDFUL THAT PRO-SE

Pleadings are to be construed liberally. See Rogers v. Boatright, 709 F.3d 403 (5th Cir. 2013); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (same); Haines v. Kerner, 404 U.S. 519, 520 (1972)

## Relevant Background

Holness writes for parties, who are familiar with the facts, procedural history, and scope of the claim(s) presented. Thus, he will recount only those facts necessary for this reply. In the pending petition, Holness claims that he has established extraordinary and compelling reasons for compassionate release and the Government opposes the request on the basis of the factors set forth at 18 U.S.C. Section 3553(a), and that Holness remains a danger to the community.

## Discussion

The Government recognizes that in the decision in United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit held that there are no applicable policy statement governing compassionate release motions filed by defendants under 18 U.S.C. section

3582(c)(i)(A), as modified by the First Step Act. Accordingly, district courts can "consider any extraordinary and compelling reason for release that a defendant might raise." Id. (quoting United States v. Zullo, 976 F.3d 228, 230 (2020), and most recent Supreme Court ruling Concepcion v. United States 991 F.3d 279, 281, 142 S.Ct 54 210 L.ed 2d 1024 (2021)

## AUTHORITY TO REDUCE MINIMUM SENTENCE ON A COMPASSIONATE RELEASE MOTION:

Congress has spoken, and this time it has given trial judges broad authority. Indeed it has imposed a statutory duty, upon a defendant's motion, to conduct an individualized review of the defendant's case for extraordinary and compelling circumstances that call out for correction. See United States v. Brooker, 976 F.3d 228, 237-38 (2nd Cir, 2020) (Holding that a court consider "all possible reasons for compassionate release," including the "injustice of [a defendant's] lengthy sentence"). See e.g., Lockerbie Bomber that bomb Pan Am Flight 103 killing 270 people 189 of them American served only 8 years and was released. See, United States v. Haynes, 456 F. Supp. 3d 496 (2020).

3

Prior to the modification of the First Step Act in 2018, only the Bureau of Prisons had the ability to file a compassionate release motion on behalf of a qualified inmate. However, the First Step Act expressly changed this to give an inmate the right to file a request for compassionate release directly with the sentencing court after after exhausting the administrative remedies. The intent was to increase compassionate release applications brought by worthy inmates and to give the sentencing court the discretion to review a past sentence, removing the Bureau of Prisons as the sole arbiter of compassionate release requests. The express language of the First Step Act was intended to give the sentencing court the discretion to reduce a past sentence, perhaps a sentence that the court had no choice but to impose, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if it finds that-(i) extraordinary and compelling reasons warrant such a reduction."

It is undisputed, that the express language of the First Step Act, which creates the courts, ability to modify a past sentence based on extraordinary and compelling reasons, contains

4

no express prohibition on granting compassionate release to inmates who are serving a routinely mandatory minimum sentence. Furthermore, this court and others have on several occasions granted compassionate release to inmates serving a mandatory minimum sentence and have declined to read such a prohibition into the statute. In Concepcion, the Supreme Court, and in Brooker, the Second Circuit both respectively have reversed the lower courts' denial of the inmate's motion for compassionate release, even though the inmate was serving a mandatory minimum sentence. 976 F. 3d 228 (2nd Cir. 2020) See also United States v. Zoqier-Solano, No. 13 Cr. 772 (JPO), ECF Dkt. 45 (S.D.N.Y. Aug 10, 2020) (granting release to defendant with hypertension, hyperlipidemia, and borderline obesity who had served seven years of ten-year mandatory sentence), United States v. Modesto, No. 17 Cr. 251 (PGG), 2020 WL 4735340 (S.D.N.Y. Aug. 13, 2020) (granting release to obese defendant where a court found mandatory sentence excessive at time of sentencing); United States v. Simon, No. 18 Cr. 390-15 (PAE), 2020 WL 5077390, (S.D.N.Y. Aug 27, 2020).

5

Shortening Holness' sentence does not undermine the seriousness of the offense, or fail to respect the law, provide just punishment, or adequately deter criminal conduct. In sum, Holness' conviction and sentence was a product of a sham prosecution, which fit the Bartkus exception to a 'T'. The statute under which the petitioner was indicted, was unconstitutionally applied to him, because the nexus that connect Holness and the victim for this statute to be lawful, happens to be a sham marriage or marriage of convenience. Under immigration laws of the United States, a marriage entered into for the purpose of circumventing the United States immigration laws. Whether it is characterize as sham marriage, greencard marriage, fraudulent marriage and marriage of convenience are illegal, and are void from it's inception. See (8 C.F.R. Section 204.2(a), 204.2(a)(i)(ii)) See also United States v. Khalaf, 390 Fed. Appx 216, 2010 U.S. App. Lexis 16626 (4th Cir, 2010) United States v. Agyapong, 2021 U.S. Dist Lexis 124159, (E.D.N.C. 2021), Abuya v. Sessions,

6

2017, U.S. App. Lexis 20224 (8th Cir. 2017), U.S. v. Kimble, 2018 U.S. Dist. Lexis 191129 (D. Md. 2018), Jones v. U.S., 2013 U.S. Lexis 7658 (4th Cir. 2013) Kourouma v. Att'y Gen, 2006 U.S. App Lexis 24805, (3rd Cir. 2006), Riero v. Holder 337 Fed. Appx. 71, 2009, U.S. App Lexis 15652 (2009), Ranasinghe v. Popolizio, 2015 U.S. Dist. Lexis 193159 (D.A.Z. 2015), U.S. v. Vickerage, 921 F.2d 143, 1990 U.S. App Lexis 20884 (1990), U.S. v. Campbell, 2017, CCA, Lexis 637, NO ACM 39036 (2017), U.S. v. Bolden, 28 M.J., 127, 1989 CMA Lexis 1076, ACM 25518 (1989), and, Muriel v. INS, 385, U.S. 214, 17 L.ed. 2d 318, 87, S.ct. 473 (1966). Holness sentence was further misinterpreted under the law. As he was convicted under a statute that calls for a 'Level 18', and as stated and ordered in the Supreme Court ruling of Apprendi; that "any elements necessarily includes not only facts that increases the ceiling, but also those that increase the floor. Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed, and do so in a manner that aggravates the punishment. Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found

7

BEYOND A REASONABLE DOUBT." THESE FACTS WERE FURTHER CEMENTED IN ANOTHER SUPREME COURT RULING U.S. V. ALLEYNE. THE GOVERNMENT PERHAPS WON'T ADMIT, BUT THEIR ACTIONS THAT FOLLOWS TELL A DIFFERENT STORY. THE FACT THAT HIS SO CALLED CO-DEFENDANT INDICTMENT REFLECTS THESE SAME EXACT ENHANCED ELEMENTS. SEE, INDICTMENT AT DELLANDO R. CAMPBELL 1:14-cr-00058-WMN. LASTLY IN THE RECENT RULING IN BAILEY LEXIS 78536, A DISTRICT COURT RULED THAT THE STATUTE 18 U.S.C. SECTION 2261 HAS BEEN FOUND TO BE UNCONSTITUTIONALLY VAGUE. UNDER THE LAW, 18 U.S.C. SECTIONS 2261(a)(2) AND 2261(a)(1) ARE IDENTICAL. THE DEFINITION OF THE RESIDUAL CLAUSE 18 U.S.C. SECTION 16(b). SEE BAILEY V. U.S., 2019 U.S. Dist. LEXIS 146474 (S.D. W. VA., 2019), U.S. V. JOHNSON, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), U.S. V. DAVIS, 139 S. Ct. 2319, 2336, 204 L. Ed. 2d 757, (2019).

Additionally, COURTS HAVE FOUND THAT COMPASSIONATE RELEASE FOR DEFENDANTS, WHO HAVE SERVED A SIGNIFICANT MAJORITY OF THEIR SENTENCES OR WHOM HAVE BEEN GIVEN A SIGNIFICANTLY HIGH SENTENCE, DOES NOT UNDERMINE SENTENCING GOALS.

8

In addition, defendants whose conduct is similar or worse than Holness's who have committed murder, drug trafficking, racketeering, shootings, or even terrorism offenses, routinely receive far less than life without parole. Holness received longer sentences than each of these defendants: U.S. v. Victor Alvarez, 1:93-cr-00181 (PKC) (defendant sentenced to 30 years for Seditious Conspiracy, in violation of 18 U.S.C. Section 2384, Bombing Conspiracy, in violation of 18 U.S.C. 371, Attempted Bombing, in violation of 18 USC Section 844(i) and 2, Interstate Transportation of a Firearm in Commission of a Violent Crime), U.S. v. Todd Labarca, 11-cr-00012 (RMB) (defendant sentenced to 23 years for Racketeering in violation of 18 U.S.C. Section 1962(c) based on predicate acts including conspiracy to murder Martin Bosshart, marijuana trafficking, ecstasy trafficking, extortion conspiracy, illegal gambling business and conspiracy to commit assault in violation of U.S.C. Section 1959(a)(6) relating to the murder of Martin Bosshart), United States v. James Diaz, 17-cr-21 (JWP) (defendant sentenced to 18 years for narcotics conspiracy, who participated in the conduct that resulted

9

in the death of Jose Morales and the shooting of Edwin Romero. U.S. v. Tidwell, 476 F. Supp. 3d 66 (E.D. PA. 2020) A court granted a compassionate release to a defendant who was sentence to life for drug distribution and two counts of murder, all in relation to a CCE. In U.S. v. Gray, 2021 U.S. Dist. Lexis 88855 (D. Md 2021). The court sentence defendant to time served, subsequent to his compassionate release motion. Brown v. U.S., 2020 U.S. Dist Lexis 238008 (D. Md. Dec. 17, 2020). A court also granted compassionate release to time served, from a life sentence that involved a murder. Babb v. U.S., 2021 U.S. Dist. Lexis 105827, (D. Md, June 4, 2021). Defendant was serving a life sentence plus years for a conviction of drug offenses.

## HOLNESS'S MEDICAL CONDITION

The government continue to downplay the petitioners health conditions. We are still in a pandemic, with various variants of the virus that causes Covid-19. The most contagious of them is the Omicron: BA.2, BA.4 and BA.5. See CDC's Covid Data Tracker. According to the CDC the omicron variants causes less severe

10

ILLNESS, NONETHELESS IT IS STILL VERY DEADLY. PEOPLE LIKE THE PETITIONER WHO HAS CERTAIN UNDERLING HEALTH CONDITIONS STILL REMAINS AT A HIGHER RISK FROM GETTING VERY ILL AND MAY DIE FROM THIS VIRUS. WITH THE STRUCTURE OF PRISON, INCARCERATED PEOPLE ARE AT A HIGHER RISK FROM THE CORONA VIRUS. F.C.I. RAY BROOK'S DATA MIGHT NOT SHOW ANY POSITIVE RESULTS BUT THAT IS BECAUSE THEY ENCOURAGE INMATES NOT INFORM THE MEDICAL STAFF. THE ADMINISTRATION USES THE REST OF THE POPULATION TO INTIMIDATE ANY INMATE WHO ARE SUSPECTED TO HAVE THE VIRUS. NOT ONLY DO THEY NOT TEST FOR THE VIRUS, THEY DO NOT HAVE ADEQUATE MEDICAL STAFF. THE CLOSEST MEDICAL FACILITY IS IN A NEIGHBORING STATE. HOLNESS LACKS THE ABILITY TO PROTECT HIMSELF FROM ANY ILLNESS THAT HE MIGHT CONTRACT IN THIS ENVIROMENT. THIS ADDS UP TO CRUEL AND UNUSUAL PUNISHMENT. ALSO THE GOVERMENT WANT TO PUNISH THE PETITIONER FOR DOING THE ONLY THING THAT HE CAN DO TO PROTECT HIMSELF FROM COVID-19, TO GET THE VACCINE. HOLNESS IS DOING THE RIGHT THING, WHEN IT COMES TO HIS HEALTH. THIS FACT SHOULD NOT BE

used as a reason to deny his motion for compassionate release. As a matter of fact it should be seen as commendable.

## Conclusion

The Government also without merit wants to discredit the petitioner, for doing the right thing after his conviction and sentence. That is to program and stay out of trouble. Holness's post sentencing conduct is proof that he has been rehabilitated and it is also proof that he is committed to change. The courts have spoken as to this fact, that conduct such as this should be taken into consideration when oppertunity such as this comes along. See Pepper v. United States, 562 U.S. 476, 492 (2011) Concepcion v. United States, 991 F.3d 279, 284, 142 S.Ct 54, 210 L.ed 2d. 1024, (2021).
The BOP under the first step Act H04(b) has evaluated the petioner and the BOP staff, has determined that he is a risk for recidivism a 'Low' and a similar rating for his security. The possibility of him, committing a crime if granted

Compassionate Release is very slim. With all this said, Holness has cited several cases and shown even the case of an unconstitutionally vague statute, that was unconstitutionally applied to him. Holness is a layperson and lack the legal acumen to further explain but he is convinced that this legal fact is exigent. To compound these facts with his highly unsafe conditions here at F.C.I. Ray Brook, amounts to cruel and unusual punishment. See Youngberg v. Romeo, 457 U.S. 319, 73 L.Ed 2d 28, 102 S.ct 2452 (1982), Hutto v. Finney, 437 U.S., 678 99 S.ct 2565, 57 L.Ed 2d 522 (1978).

Without undermining the seriousness of the offense to which he was convicted. Holness has made a very great headway and would continue to strive down the path of positive change. Holness believes that he has shown the court an unpresedented, extraordinary and compelling circumstance: A life sentence without the possibility of parole is a substantial punishment. With the authority that was enacted by Congress and was signed into

13

LAW BY THE PRESIDENT OF THE UNITED STATES OF AMERICA.

WHEREFORE, FOR ALL THE REASONS STATED ABOVE, HOLNESS HUMBLY REQUEST THIS HONORABLE COURT TO RECONSIDER HIS MOTIONS FOR COMPASSIONATE RELEASE AND ULTIMATELY GRANT HIS MOTION AND REDUCE THE INSTANT SENTENCE.

RESPECTFULLY SUBMITTED

*Ryan Holness*

RYAN HOLNESS, Pro-SE

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAT, ON SEPT. 20th, 2022, THE FOREGOING MOTION IN OPPOSITION TO THE GOVERNMENT'S RESPONSE TO HOLNESS'S MOTION FOR COMPASSIONATE RELEASE, WAS SERVED UPON THE U.S. ATTORNEY FOR THE DISTRICT OF MARYLAND VIA U.S. MAIL AND PRE-PAID MAIL.